**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CPC PROPERTIES, INC.<br>103 Foulk Road, Suite 202<br>Wilmington, DE 19803 | CIVIL ACTION NO. |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| DOMINIC, INC. d/b/a TONY'S PLACE,<br>6300 Frankford Avenue<br>Philadelphia, Pennsylvania 19149 | |
| Defendant. | |

## VERIFIED COMPLAINT

This is an action for trademark infringement, unfair competition, false designation of origin, unjust enrichment and trademark dilution.

## PARTIES

1.     Plaintiff, CPC Properties, Inc., is a Delaware corporation located at 103 Foulk Road, Suite 202, Wilmington, Delaware 19803 ("CPC" or "Plaintiff").

2.     Upon information and belief, Defendant Dominic, Inc, is a Pennsylvania corporation d/b/a Tony's Place (hereafter "Defendant," "Defendant Tony's Place," or "Tony's Place") which has conducted and continues to conduct business as a restaurant at 6300 Frankford Avenue, Philadelphia, Pennsylvania 19149.  Tony's Place's registered address is, upon information and belief, 4909 E Roosevelt Blvd, Philadelphia, PA 19124.

-1-

## JURISDICTION AND VENUE

3.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. It also arises under principles of state common and statutory law.  Federal question jurisdiction is conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4.      This Court has supplemental jurisdiction over the claims brought under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant, *inter alia*, transacts business in the Commonwealth of Pennsylvania, engages in a persistent course of conduct in the Commonwealth of Pennsylvania, and expects, or reasonably should expect, its acts to have legal consequences in the Commonwealth of Pennsylvania.

6.      Venue is proper in the Eastern District of Pennsylvania (the "District") pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to these claims occurred in the District, and Defendant expects, or reasonably should expect, its acts and omissions to have legal consequences in the District.

## FACT COMMON TO ALL COUNTS

7.      Since at least as early as 1978 and long prior to any acts of Defendant complained of herein, the trademark CRAB FRIES® (the "CRAB FRIES® Trademark") has been continuously used in Philadelphia and interstate commerce

2014846-5
2014846-6
2014846-6

on or in connection with seasoned french fries which are offered and sold at various "CHICKIE'S & PETE'S" restaurant locations.  Attached hereto as Exhibits A and B are true and correct copies of Plaintiff's menu showing representative use of the CRAB FRIES® Trademark, as well as signage at a CHICKIE'S & PETE'S restaurant displaying the CRAB FRIES® Trademark.

8.     Plaintiff is the owner and licensor of all intellectual property, including the CRAB FRIES® Trademark, used on or in connection with the goods and services offered and sold at the various "CHICKIE'S & PETE'S" restaurants and concession outlets.

9.     Plaintiff owns the following U.S. Trademark Registrations for the CRAB FRIES® Trademark (collectively, the "CRAB FRIES® Registrations"):

| Registration No. | Mark | Exhibit |
|---|---|---|
| 2,256,947 | CRAB FRIES | C |
| 3,329,385 |  | D |
| 3,731,348 | CRABFRIES | E |
| 3,812,976 | CRAB FRIES | F |

10.     The CRAB FRIES® Registrations all reside on the Principal Trademark Register, and are valid and subsisting.

-3-

11.    U.S. Trademark Registration No. 2,256,947 is valid, subsisting and incontestable.

12.    As evidenced by the United States Trademark Office's issuance of the CRAB FRIES® Registrations, the CRAB FRIES® Trademark is inherently distinctive.

13.    Plaintiff had granted to a number of legal entities non-exclusive licenses which allow each of these entities to use the CRAB FRIES® Trademark on or in connection with the goods to which the licenses pertain.   All goodwill generated by this licensed use of Plaintiff's CRAB FRIES® Trademark mark inures to the benefit of Plaintiff.

14.    The CHICKIE'S & PETE'S restaurants have offered and sold seasoned french fries under the CRAB FRIES® Trademark since long prior to any acts of Defendant complained of herein. The CHICKIE'S & PETE'S restaurants have continuously used the CRAB FRIES® Trademark in interstate commerce while promoting and selling the aforementioned seasoned french fries since at least as early as 1978.

15.    Currently, CHICKIE'S & PETE'S restaurants offering CRAB FRIES® brand seasoned french fries include the following:

| Restaurant | Address |
|---|---|
| Chickie's & Pete's | 4010 Robbins Avenue, Philadelphia, PA 19135 |
| Chickie's & Pete's Cafe | 11000 Roosevelt Blvd., Philadelphia, PA 19116 |
| Chickie's & Pete's Cafe | 1526 Packer Avenue, Philadelphia, PA 19145 |
| Chickie's & Pete's | 183 US Highway 130, |

-4-

| Restaurant | Address |
|---|---|
|  | Bordentown, NJ 08505 |
| Chickie's & Pete's CrabHouse and Sports Bar | 6055 Blackhorse Pike, Egg Harbor Twp, NJ 08234 |
| Chickie's & Pete's | 2999 Street Road Bensalem, PA 19020 |
| Chickie's & Pete's | Philadelphia International Airport Philadelphia, PA 19153 Terminals A-West, C, Dand E |
| Chickie's & Pete's | 9th and Boardwalk Ocean City, NJ |
| Chickie's & Pete's | 12th and Boardwalk Ocean City, NJ |
| Chickie's & Pete's | Cedar Ave and Boardwalk Wildwood, NJ Boardwalk |
| Chickie's & Pete's CrabHouse and Sports Bar | 675 Shannondell Dr. Audubon, PA |
| Chickie's & Pete's CrabHouse and Sports Bar | 500 Easton Road Warrington, PA 18976 |
| Chickie's & Pete's CrabHouse and Sports Bar | Pilgrim Gardens Shopping Center 5035 Township Line Road Drexel Hill, PA 19026 |

16.     Currently, CHICKIE'S & PETE'S concessions offering CRAB FRIES®

brand seasoned french fries include the following:

| Concession | Address |
|---|---|
| Chickie's & Pete's | Lincoln Financial Field One Lincoln Financial Field Way Philadelphia, PA 19147 |
| Chickie's & Pete's | Citizens Bank Park One Citizen's Bank Way,  Philadelphia, PA 19148 |
| Chickie's & Pete's | Wells Fargo Center 3601 South Broad St. Philadelphia, PA 19148 |
| Chickie's & Pete's | Waterfront Park One Thunder Road Trenton, NJ 08611 |
| Chickie's & Pete's | Campbell's Field 401 N. Delaware Avenue |

| Concession | Address |
|---|---|
|  | Camden, NJ 08102 |
| Chickie's & Pete's | PPL Park<br>One Stadium Drive<br>Chester, PA 19013 |
| Chickie's & Pete's | The Liacouras Center<br>1776 North Broad Street<br>Philadelphia, PA 19121 |
| Chickie's & Pete's | Dorney Park and Wildwater Kingdom<br>3830 Dorney Park Road,<br>Allentown, PA 18104 |
| Chickie's & Pete's | PNC Park<br>115 Federal Street<br>Pittsburgh, PA |
| Chickie's & Pete's | Susquehanna Bank Center<br>Camden, NJ |
| Chickie's & Pete's | XFINITY Live!<br>100 Pattison Avenue<br>Philadelphia, PA 19148 |

17.     All of the CHICKIE'S & PETE'S locations offering CRAB FRIES®️ brand seasoned french fries prominently feature the CRAB FRIES®️ Trademark on menus, signage and/or packaging, examples of which are shown in Exhibits A and B.

18.     Plaintiff's CRAB FRIES®️ Trademark and its seasoned french fries sold under the CRAB FRIES mark have gained a high level of recognition and fame in the Philadelphia market and surrounding areas.

19.     CRAB FRIES®️ brand seasoned french fries have been and continue to be one of the most popular items at the CHICKIE'S & PETE'S restaurants and concessions.  The CHICKIE'S & PETE'S locations have sold millions of dollars of the CRAB FRIES®️ brand seasoned french fries since the mark was first adopted,

2014846-5
2014846-6
2014846-6

and millions more have been spent marketing and promoting the CRAB FRIES®
Trademark.

20.     In addition, the CRAB FRIES® Trademark receives frequent
unsolicited recognition in print, internet, television, radio and other media.   For
example, in 2011, ESPN Mobile declared CHICKIE'S & PETE'S to be the best
sports bar in North America, as shown by the articles attached as Exhibit G.

21.     As a result of Plaintiff's long-time, continuous and exclusive
advertising, promotion and sale of seasoned french fries sold in connection with the
CRAB FRIES® Trademark, and frequent recognition of the CRAB FRIES®
Trademark in the media and the public, Plaintiff has established strong secondary
meaning in the CRAB FRIES® Trademark.

22.     Use of the CRAB FRIES® Trademark for seasoned french fries is
exclusive and unique to Plaintiff and its licensees.

23.     Plaintiff's CRAB FRIES® Trademark has no recognized significance in
the food industry other than as a source identifier for the goods and services
emanating from Plaintiff.

24.      As a result of the above, Plaintiff has acquired substantial valuable
goodwill symbolized by and embodied in its CRAB FRIES® Trademark.

25.     Plaintiff and its predecessors-in-interest have worked hard to police
the marketplace in order to maintain the goodwill associated with the CRAB
FRIES® Trademark.

2014846-5
2014846-6
2014846-6

## **Defendant's Prior Infringement**

26.    Tony's Place is a pizza restaurant located at 6300 Frankford Avenue, Philadelphia, PA 19149.  That location is a short walking distance from the original CHICKIE'S & PETE'S restaurant location at 4010 Robbins Ave., Philadelphia, Pa 19135.

27.    On or about June 29, 2000, Plaintiff's predecessor-in-interest, 4010, Inc., filed an action in the Eastern District of Pennsylvania (Civil Action No. 00-CV-3323) (hereinafter the "Prior Lawsuit") for trademark infringement, unfair competition, false designation of origin and unjust enrichment arising out of Defendant Tony's Place's use of the mark CRAB FRIES® in connection with the sale of seasoned french fries.  A true and correct copy of that Complaint is attached as Exhibit H.

28.    As a result of the Prior Lawsuit, Defendant had direct and personal knowledge regarding Plaintiff's rights in the CRAB FRIES® Trademark.

29.    On or about, October 10, 2002, the parties settled the dispute arising out of the Complaint and the case was dismissed pursuant to Local Rule 41.1.(b) on October 16, 2002. Attached as Exhibit I is a true and correct copy of the Court's October 16, 2002 Order of dismissal.

30.    Upon information and belief, after the settlement between the parties, Defendant Tony's Place ceased using the terms "CRAB" and "CRAB FRIES" in conjunction with seasoned french fries.

2014846-5
2014846-6
2014846-6

**<u>Defendant's Current Infringement</u>**

31.     Notwithstanding Plaintiff's well-known and prior common law and statutory rights in its CRAB FRIES® Trademark for seasoned french fries and the Prior Lawsuit regarding the very same CRAB FRIES® Trademark, Defendant has recently adopted and begun using an image of a crab next to the word "FRIES" in conjunction with sale of seasoned french fries.

32.     Defendant is now identifying its seasoned french fries in advertisements as "TONY'S [CRAB IMAGE] FRIES".   Reproduced below is a portion of a recent advertisement for Tony's Place that illustrates the infringing use:



Attached as Exhibit J is a true and correct copy of the recent advertisement for Tony's Place.

33.     Defendant is also identifying its seasoned french fries on menus, including in-house and take-out menus, as "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES". Reproduced below is a portion from a Tony's Place menu that illustrates the infringing use:

-9-

Attached as Exhibit K are true and correct copies of the in-house and take-out menus for Tony's Place which were downloaded from Tony's Place website, www.tonystomatopies.com, on July 31, 2012.

34.    The use by Tony's Place of "[CRAB IMAGE] FRIES" is the legal equivalent to, synonymous with, and creates the same overall commercial impression as, the term "CRAB FRIES" as used in the CRAB FRIES® Trademark.

35.    The use of "[CRAB IMAGE] FRIES" evokes the term "CRAB FRIES" as used in the CRAB FRIES® Trademark which is associated exclusively with CHICKIE'S & PETE'S.

36.    Prospective purchasers of seasoned french fries will equate or translate Defendant's use of the "[CRAB IMAGE] FRIES" with the term "CRAB FRIES" and vice versa.

37.    The goods with which Defendant uses "[CRAB IMAGE] FRIES" and with which Plaintiff's licensees use the CRAB FRIES® Trademark are both seasoned french fries.

2014846-5
2014846-6
2014846-6

38.     Defendant's restaurant services and seasoned french fries are offered in direct competition to Plaintiff's restaurant services and seasoned french fries and at similar price points.

39.     Defendant's recent introduction of the "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" marks for seasoned french fries is a willful attempt to palm off Plaintiff's goodwill in its CRAB FRIES mark, and as a blatant attempt to create consumer confusion.

40.     Defendant's usage of the marks "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" for seasoned french fries has caused Plaintiff injury and irreparable harm.

41.     As a result of Defendant's acts complained of herein, members of the public and the trade are likely to believe that Defendant's seasoned french fries originate from, or are offered in affiliation with, or sponsored by, or under license from or rendered with the approval of Plaintiff.

42.     Defendant's use of its infringing marks in conjunction with its seasoned french fries, represents to Plaintiff's clientele and potential clientele as well as to the trade and the public, that Defendant operates under the sponsorship or in affiliation with, with a license from or with the approval of Plaintiff.

43.     Persons, including potential customers, familiar with Plaintiff's CRAB FRIES® Trademark, on seeing Defendant's usage of "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES", would be likely to believe and would be

-11-

justified in so believing that Defendant's usage was under the sponsorship of or in affiliation with Plaintiff, or that Plaintiff had approved such usage.

44.     By the acts and activities complained of herein, Defendant has passed off its goods as rendered by or associated with or connected with or sponsored by or under license from or with the approval of Plaintiff.

45.     Defendant's acts complained of herein are likely to cause and/or have caused confusion, subliminal confusion, mistake or deception among the trade or public.

46.      Defendant's infringement complained herein has been willful and deliberate and represents an attempt to appropriate to Defendant the goodwill that Plaintiff has earned for its trademark and goods in issue to give to Defendant a recognition and advantage in the marketplace which Defendant would not otherwise possess.

47.     Defendant's adoption and use of its infringing "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" marks, in connection with seasoned french fries, was and is:

(a)     With full knowledge of Plaintiff's CRAB FRIES® Trademark for seasoned french fries, and

(b)     Was and is with the intent and for the purpose, and has had the effect, of wrongfully infringing upon Plaintiff's CRAB FRIES® Trademark.

2014846-5
2014846-6
2014846-6

48.     By trading upon the goodwill of Plaintiff's CRAB FRIES® Trademark, Defendant has obtained for its goods a salability which they would not have otherwise had.

49.     Plaintiff has no control over the quality of goods which are sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to its trademark may be irreparably damaged by the acts of Defendant.

50.     All such conduct by Defendant was and continues to be in bad faith, willful, deliberate and in knowing violation of the law.

51.     The activities of Defendant complained of herein have caused, and unless restrained and enjoined by the Court will continue to cause, irreparable harm, damage and injury.

52.     Upon information and belief, Defendant will continue its tortious acts including its infringement and unfair competition unless restrained by this Court.

## COUNT I

## STATUTORY TRADEMARK INFRINGEMENT

53.     The allegations of paragraphs 1 through 52 are incorporated herein by reference as though fully set forth herein.

54.     Defendant's use of its infringing "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" marks in connection with Defendant's seasoned french fries as well as in connection with Defendant's promotion, offering and sale of the

-13-

same, is an infringement of Plaintiff's CRAB FRIES® Registrations, all in violation of § 32 of the Lanham Act, 15 U.S.C. 1114.

55.     Plaintiff has no control over the quality of goods which are provided, promoted, advertised and sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to its trademark may be irreparably injured by the acts of Defendant complained of herein.

56.     As a result of said trademark infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

57.     The allegations of paragraphs 1 through 56 are incorporated herein by reference as though fully set forth herein.

58.     This cause of action arises under the trademark laws of the United States, 15 U.S.C. 1125(a).

59.     Defendant has adopted and is now using a colorable imitation of Plaintiff's CRAB FRIES® Trademark, for goods which are substantially similar to those offered by Plaintiff.

60.     Defendant's use of a colorable imitation of Plaintiff's trademarks in connection with Defendant's seasoned french fries will cause customers, potential customers and past customers to mistakenly attribute the properties and reputation of Plaintiff's seasoned french fries to those of the Defendant.

-14-

2014846-5
2014846-6
2014846-6

61.     The use by Defendant of its infringing "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" marks in connection with its seasoned french fries, and to advertise and promote Defendant's seasoned french fries, constitutes unfair competition, a false description and representation and a false designation of the origin of Defendant's seasoned french fries and constitutes unfair competition, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

62.     As a result of said unfair competition and false designation of origin, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III

## COMMON LAW SERVICE MARK INFRINGEMENT

63.     The allegations of paragraphs 1 through 62 are incorporated herein by reference as though fully set forth herein.

64.     This cause of action arises under the common law.

65.     Defendant's aforementioned conduct constitutes common law trademark infringement.

66.     As a result of said infringement, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no remedy at law.

## COUNT IV

## UNFAIR COMPETITION

-15-

67.   The allegations of paragraphs 1 through 66 are incorporated herein by reference as though fully set forth herein.

68.   This cause of action arises under the common law.

69.   Defendant's aforementioned conduct constitutes unfair competition.

70.   By means and as a result of said unfair competition, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

## COUNT V

### UNJUST ENRICHMENT

71.   The allegations of paragraphs 1 through 70 are incorporated herein by reference.

72.   This cause of action arises under the common law.

73.   By the acts and activities complained of herein, Defendant has been unjustly enriched.

## COUNT VI

### STATE STATUTORY AND COMMON LAW DILUTION; INJURY TO BUSINESS REPUTATION

74.   The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75.   This cause of action arises under the common law and the Pennsylvania  state anti-dilution statute, 54 Pa. C.S.A. § 1124.

-16-

76.     Plaintiff's CRAB FRIES® Trademark has become and is famous in the minds of the relevant trade and public in the City of Philadelphia and throughout the Commonwealth of Pennsylvania.

77.     Plaintiff's CRAB FRIES® Trademark has acquired distinctiveness and fame, through its extensive advertisements and promotional efforts, and by earning millions in revenue from the sale of seasoned french fries.

78.     Defendant's use of the "TONY'S [CRAB IMAGE] FRIES" and "[CRAB IMAGE] FRIES" marks began after Plaintiff's CRAB FRIES® Trademark became famous.

79.     Defendant by its wrongful use of Plaintiff's CRAB FRIES® Trademark has wrongfully implied an affiliation between Plaintiff and Defendant.

80.     Defendant's wrongful use of Plaintiff's CRAB FRIES® Trademark was intentionally designed to trade upon Plaintiff's goodwill and business reputation and to injure and dilute the distinctive quality of Plaintiff's marks in violation of 54 Pa. C.S.A. § 1124.

81.     By the acts complained of herein, Defendant has lessened the capacity of the CRAB FRIES® Trademark to identify and distinguish Plaintiff's seasoned french fries.

82.     By the acts complained of herein, Defendant is likely to cause dilution of the distinctive quality of the Plaintiff's CRAB FRIES® Trademark.

2014846-5
2014846-6
2014846-6

83.     By the acts complained of herein, Defendant has caused dilution of the distinctive quality of the Plaintiff's CRAB FRIES® Trademark by blurring and/or tarnishment.

84.     By the acts complained of herein, Defendant has caused dilution of the distinctive quality of the Plaintiff's CRAB FRIES® Trademark.

85.     By means and as a result of said dilution, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which Plaintiff has no adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff PRAYS FOR RELIEF from the actions and conduct of Defendant as follows:

1.     That Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

A.     directly or indirectly infringing Plaintiff's CRAB FRIES® Trademark;

B.     from passing off, inducing or enabling others to sell or pass off any goods provided by Defendant as originating from Plaintiff, which are not

-18-

2014846-5
2014846-6
2014846-6

Plaintiff's goods or are not rendered by or under the control or supervision of Plaintiff and approved by Plaintiff;

       C.    directly or indirectly engaging in any acts or activities calculated to trade upon and/or dilute and/or tarnish Plaintiff's CRAB FRIES® Trademark, and/or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

       D.    using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its goods or services the mark "CRAB FRIES", or any mark which is a variant of, simulates, imitates, is substantially similar to, or is confusingly similar to, Plaintiff's CRAB FRIES® Trademark, including but not limited to, any mark which includes an image or pictorial representation of a crab in such a manner as to deceive, or to falsely describe or represent the source of the goods or otherwise create confusion upon the purchasing public or the trade;

       E.    further violating Plaintiff's property rights and goodwill; and

       F.    from otherwise competing unfairly with Plaintiff in any manner whatsoever.

       2.    That Defendant be required to deliver up to Plaintiff for destruction, all promotional materials, advertisements, menus, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source of origin of the services offered by Defendant.

2014846-5
2014846-6
2014846-6

3.     That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to menus, advertising and promotion bearing the Defendant's infringing "Tony's [CRAB IMAGE] FRIES" or "[CRAB IMAGE] FRIES" marks or any variant, colorable imitation, simulation, copy, imitation or counterfeit of Plaintiff's CRAB FRIES® Trademark and that Defendant be required to remove such infringing marks from its menus, promotional materials, advertisements and other documents, in any media.

4.     That Defendant be required to pay over to Plaintiff all profits realized by it from its unlawful acts complained of herein.

5.     That Defendant be directed to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's acts herein complained of, and that such damages be trebled.

6.     That the award of Plaintiff's damages and Defendant's profits be trebled as a result of Defendant's willful and deliberate infringement of Plaintiff's trade name and service mark rights.

7.     That Plaintiff be awarded punitive damages for the willful and deliberate acts of unfair competition and other unlawful injurious acts of Defendant complained of herein.

8.     That Plaintiff be awarded its reasonable attorneys' fees and the cost of this action in view of Defendant's willful and deliberate violation of Plaintiff's rights.

2014846-5
2014846-6
2014846-6

9.  That Plaintiff be awarded such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by a jury on all claims to which it is entitled.

CPC PROPERTIES, INC.

DATE: _8/2/12_            BY:_____

John J. O'Malley (PA I.D. # 68,222)
Michael F. Snyder (PA I.D. # 76,386)
VOLPE AND KOENIG, P.C.
United Plaza
30 S. 17th Street
Philadelphia, Pa 19103

*Attorneys for Plaintiff*
*CPC Properties, Inc.*

-21-

## VERIFICATION

I, John J. Koach, hereby state that I am authorized to make this verification on behalf of CPC Properties, Inc. and verify that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: August 2, 2012

John J. Koach
Secretary
CPC Properties, Inc.

2014846-5

-22-