**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CPC PROPERTIES, INC.,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DOMINIC, INC.,** | : | **No. 12-4405** |
| **Defendant.** | : | |

**MEMORANDUM**

Schiller, J.                                                                                    August 20, 2013

CPC Properties, Inc. ("CPC") sued Dominic, Inc. ("Dominic") based on Dominic's placement of an image of a crab next to the word "FRIES" on the menus and website of the restaurant Tony's Place, which Dominic owns and operates. CPC sells seasoned fries under the trademark CRAB FRIES®. Before the Court is CPC's motion for judgment on the pleadings for its federal trademark infringement and unfair competition, common law trademark infringement and unfair competition, unjust enrichment, and state statutory and common law trademark dilution claims. CPC maintains that there are no issues of material fact because Dominic has admitted all of CPC's allegations. For the following reasons, the Court grants in part and denies in part CPC's motion.

**I.      BACKGROUND**

Plaintiff owns and licenses all intellectual property associated with the "CHICKIE'S & PETE'S" network of restaurants and concessions, including the CRAB FRIES® trademark. (Compl. ¶ 8.) Since at least 1978, CHICKIE'S & PETE'S restaurants have used the CRAB FRIES® trademark on menus, signs, and packaging in order to sell their seasoned french fries. (*Id.* ¶¶ 14, 17.) CPC's CRAB FRIES® trademark has been continuously used in interstate commerce during this time. (Compl. ¶ 7.) Plaintiff has spent millions of dollars in marketing and

promotion centered on this trademark and has gained media and public recognition and goodwill as a result. (*Id.* ¶¶ 19-21, 24.)

On June 29, 2000, CPC's predecessor-in-interest brought a number of claims against Dominic, including trademark infringement, arising out of Dominic's use of the words "CRAB FRIES" in marketing seasoned french fries. (*Id.* ¶ 27.) The parties settled that dispute on October 16, 2002. (*Id.* ¶ 29.) As a result of the settlement, Dominic ceased using the terms "CRAB" and "CRAB FRIES" to describe its seasoned french fries. (*Id.* ¶ 30.)

Recently, Dominic began to use an image of a crab next to the word "FRIES" in an advertisement for its seasoned french fries, and on both its take-out and in-house menus. (*Id.* ¶¶ 31-33.) On August 3, 2012, CPC sued Dominic for trademark infringement, false designation of origin, common law service mark infringement, unfair competition, unjust enrichment, and trademark dilution. CPC alleges that the overall commercial effect of using an image of a crab next to "FRIES" is the same the effect of using the word "CRAB" next to "FRIES," and that prospective purchasers will equate Dominic's image with CPC's trademarked good. (*Id.* ¶¶ 34-36.) CPC alleges that using the image of a crab falsely indicates to potential customers that the parties' restaurants are affiliated in some manner or that CPC approved Dominic's use of the image to sell seasoned french fries. (*Id.* ¶¶ 41-44.) Therefore, CPC alleges, Dominic's use of the image violates CPC's exclusive trademark.

On August 9, 2012, the Court entered a Stipulated Preliminary Injunction ("Stipulated PI"), which required Dominic to refrain from using the words "CRAB FRIES" in its sales or advertising, and specifically to immediately remove or obstruct any image of a crab near "FRIES" from its menus, remove such images from its website by August 13, 2012, immediately

cancel advertisements using the image, and remove menus featuring even an obstructed crab image from circulation by October 1, 2012. (Stipulated PI at 2-3.) In the Stipulated PI, Dominic also agreed that CPC was likely to succeed on the merits of its claims. (*Id.* at 1.)

After multiple investigations, CPC alleged that Dominic had violated the Stipulated PI, and on September 6, 2012, CPC filed a motion for contempt arising out of the violations of the Stipulated PI. The Court granted the motion on November 5, 2012, and awarded Plaintiff attorneys' fees. On May 1, 2013, Plaintiff filed a motion for judgment on the pleadings. Defendant responded on July 5, 2013.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits motions for judgment on the pleadings after pleadings are closed, "but early enough not to delay trial." Judgment on the pleadings is appropriate when the movant shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 219, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)). Undertaking this analysis, courts view the facts in the pleadings and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* When deciding a motion for judgment on the pleadings, a court should consider the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted); *see also Turbe v. Gov't of*

*V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (applying the standards of a motion under Fed. R. Civ. P. 12(b)(6) in the context of a motion under Fed. R. Civ. P. 12(c)).

## III.   DISCUSSION

### A.   Defendant's Failure to Deny Allegations in the Complaint

Plaintiff contends that Defendant's Answer fails to deny the allegations in the Complaint, and that, therefore, all specific allegations in the Complaint should be deemed admitted. Defendant's counsel filed an Answer to the Complaint on October 2, 2012, twenty days after it was due on September 12, 2012. In an answer, a "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Moreover, "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). If an answer fails to deny any of the allegations in the complaint, those allegations must be accepted as true. *See United States ex rel. 'Automatic' Sprinkler Corp. of Am. v. Merritt-Chapman & Scott Corp.*, 305 F.2d 121, 123 (3d Cir. 1962) (deeming admitted allegation in the complaint to which the answer did not respond).

In Dominic's seven-paragraph Answer, titled "Defendant's Response to Plaintiff's Complaint," Dominic fails to address the substance of any of the eighty-five paragraphs contained in the Complaint. Indeed, five of the seven paragraphs in its Answer provide a procedural summary of the parties' conflict. (Answer ¶¶ 1-5.) The remaining paragraphs offer explanations for Defendant's violations of the Stipulated PI, and assert that Plaintiff has "suffered no meaningful damages" as a result of Dominic's violations of the Stipulated PI. (*Id.* ¶¶ 6-7.) The Answer nowhere addresses the specific acts alleged in the Complaint. Instead, the Answer responds only to alleged violations of the Stipulated PI, which have already been

4

remedied at this stage of the litigation. Though Rule 8 allows for a general denial in limited circumstances when "[a] party . . . intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds," Fed. R. Civ. P. 8(b)(3), the Court does not read the Answer as an attempt to deny CPC's allegations, as it admits and explains a number of the alleged acts. (*Id.* ¶ 6.) *See Charles Novins, Esq., PC v. Cannon*, Civ. A. No. 09-5354, 2010 WL 3522793, at *3 (D.N.J. Sept. 2, 2010) (deeming counterclaim's allegations admitted in light of plaintiff's failure to submit an answer that complied with the requirements of Rule 8). Indeed, Dominic's response to CPC's motion for judgment on the pleadings noted that Dominic "recognized the validity" of the Complaint, but argued that Dominic's violations of the Stipulated PI had been inadvertent. Therefore, this Court accepts the allegations in the Complaint as true.

**B.    CPC Prevails as a Matter of Law**

   *1.    Lanham Act Claims*

CPC alleges two violations of § 32 of the Lanham Act: statutory trademark infringement, in violation of 15 U.S.C. § 1114, and statutory unfair competition, including false designation of origin, in violation of 15 U.S.C. § 1125(a). Trademark infringement and unfair competition claims are analyzed under identical standards. *Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463, 469-70 (3d Cir. 2005). Additionally, Counts III and IV of CPC's Complaint charge Dominic with common law service mark infringement and common law unfair competition, respectively. These state law claims require the same analysis as their federal Lanham Act counterparts. *World Entm't, Inc. v. Brown*, CIV. A. No. 09-5365, 2011 WL 2036686, at *2 (E.D. Pa. May 20, 2011) ("The test for common law trademark infringement and

unfair competition is essentially the same as the test for infringement and unfair competition under the Lanham Act.") (citation omitted) (citing *Tillery v. Leonard & Sciolla LLP,* 521 F. Supp. 2d 346, 348 n.1 (E.D. Pa. 2007)) *aff'd*, 487 F. App'x 758 (3d Cir. 2012). Therefore, the following analysis applies to CPC's federal and state trademark infringement and unfair competition claims.

To prevail on a Lanham Act trademark infringement or unfair competition claim, a plaintiff must demonstrate three elements: "(1) the mark [it seeks to protect] is valid and legally protectable, (2) [the plaintiff] owns the mark, and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services associated with the mark." *Health & Body Store, LLC v. Justbrand Ltd.*, 480 F. App'x 136, 145 n.15 (3d Cir. 2012) (alterations in original) (citation omitted) (citing *E.T. Browne Drug Co. v. Cococare Prods., Inc.,* 538 F.3d 185, 191 (3d Cir. 2008)); *see also A & H Sportswear, Inc.*, 237 F.3d at 210.  To establish the first two elements, a plaintiff may show that the mark is federally registered and has become incontestable. *Commerce Nat'l Ins. Serv., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000) ("If the mark at issue is federally registered and has become incontestible, then validity, legal protectability, and ownership are proved."). A trademark is considered incontestable once the owner files affidavits that stating that the mark is registered, the mark has been continuously used for five consecutive years, and that there is neither a pending proceeding nor an adverse decision that challenges ownership. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 n.7 (3d Cir. 1994). CPC has alleged that it has validly registered and owns four variations on the CRAB FRIES® trademark, that it has continuously used the trademark for over five consecutive years, and thus that it is incontestable. (Compl. ¶¶ 7-11.) Therefore, CPC

6

has established the first two elements of its Lanham Act claims. *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1006 (3d Cir. 1991).

CPC must also establish that Dominic's use of the image of a crab next to "FRIES" on its menus and in its advertising is likely to create confusion as to the origin of Dominic's seasoned fries. The use of a word or image creates a likelihood of confusion when "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *A & H Sportswear, Inc.*, 237 F.3d at 211 (quotation marks omitted) (quoting *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992)). The Third Circuit has set out a number of factors, collectively referred to as the *Lapp* factors, to determine whether the use of a mark is likely to cause such confusion. *See Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462-63 (3d Cir. 1983). However, in a case such this, where "products are directly competing, and the marks are clearly very similar, a district judge should feel free to consider only the similarity of the marks themselves." *A & H Sportswear, Inc.*, 237 F.3d at 214; *see also Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990).

The Complaint makes numerous allegations that, accepted as true, demonstrate the similarity of the directly competing marks, and thus demonstrate a likelihood of confusion. *See Scientific Info.*, 931 F.2d at 1007. First, the parties are competing because both parties occupy the restaurant market in the Philadelphia area. (Compl. ¶ 26.) The parties sell substantially similar seasoned fries at their restaurants. (*Id.* ¶ 59.)  Second, the Complaint states that CPC's trademark "CRAB FRIES®", which it has continuously used for at least thirty-five years, is essentially equivalent to Dominic's use of the image of a crab next to "FRIES." (*Id.* ¶¶ 31-34.) Third, the

7

Complaint alleges that Dominic's use of the similar mark will cause customers to "mistakenly attribute the properties and reputation of Plaintiff's seasoned french fries to those of the Defendant." (*Id.* ¶ 60.) The undisputed facts support a finding of likelihood of confusion. The Complaint further alleges that CPC has suffered substantial and irreparable injury. Thus, CPC has established that Dominic committed statutory trademark infringement and unfair competition.

2.    *State Statutory and Common Law Dilution*

Count VI of CPC's Complaint alleges violations of the Pennsylvania anti-dilution statute and common law, based on Dominic's use of a picture of a crab near the word FRIES. As these claims have been interpreted similarly, this Court will apply a single analysis to both claims. *See Componentone, LLC v. Componentart, Inc.*, Civ. A. No. 05-1122, 2007 WL 4302108, at *3 (W.D. Pa. Dec. 6, 2007) (noting that "[n]umerous courts have found that the requirements to establish a dilution claim under Pennsylvania law and federal law (prior to the amendment) are identical," and addressing claims under the Pennsylvania anti-dilution statute and common law with a single analysis). The Pennsylvania anti-dilution statute states, "[t]he owner of a mark which is famous in this Commonwealth shall be entitled . . . to an injunction against another person's commercial use of a mark or trade name if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark . . . ." 54 PA. CONS. STAT. ANN. § 1124. Claims under this statute are analyzed by the same standards as claims under the federal anti-dilution statute, 15 U.S.C. § 1125. *Strick Corp. v. Strickland*, 162 F. Supp. 2d 372, 378 n.10 (E.D. Pa. 2001) ("As the federal and state dilution statutes contain virtually identical provisions, they are subject to the same analysis.").

8

To establish a violation of the federal dilution statute, the plaintiff must prove that: "(1) [t]he plaintiff is the owner of a mark that qualifies as a "famous" mark in light of the totality of the eight factors listed in § 1125(c)(1); (2) [t]he defendant is making commercial use in interstate commerce of a mark or trade name; (3) [the d]efendant's use began after the plaintiff's mark became famous; and (4) Defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services." *Times Mirror Magazines, Inc. v. Las Vegas Sports News, LLC*, 212 F.3d 157, 162 (3d Cir. 2000).[1] CPC's state law claim is analyzed identically except as to the second prong of the test, where this Court will consider whether CPC is making use of the mark in the Commonwealth of Pennsylvania. *Scott Fetzer Co. v. Gehring*, 288 F. Supp. 2d 696, 701 n.7 (E.D. Pa. 2003) ("The federal statute and the state laws [pertaining to trademark dilution] are identical except that the Pennsylvania law narrows the focus to acts within the Commonwealth.").

CPC has satisfied these four elements by alleging facts, accepted as true by this Court, that support each of the elements. First, CPC alleges that it owns the CRAB FRIES® trademark.

---

[1] The Trademark Dilution Revision Act of 2006 (TDRA) replaced in its entirety the Federal Trademark Dilution Act of 1996 (FTDA), on which the Third Circuit's opinion in *Times Mirror Magazines* relied, altering facets of the legal standard. The changes of the TDRA include "the establishment of a 'likelihood of dilution' standard for dilution claims, rather than an 'actual dilution' standard; a provision that non-inherently distinctive marks may qualify for protection; [and] a reconfiguration of the factors used to determine whether a mark is famous for dilution purposes, including a rejection of dilution claims based on 'niche' fame . . . ." *Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 306 n.87 (S.D.N.Y. 2007). The Third Circuit has not addressed this development, and courts in this Circuit have diverged on whether to incorporate the changes made by the FTDA into Pennsylvania anti-dilution law. *Componentone, LLC*, 2007 WL 4302108, at *3 (interpreting Pennsylvania anti-dilution law to preclude niche fame because the TDRA amended the FTDA to preclude niche fame); *McNeil Nutritionals, LLC v. Heartland Sweeteners LLC*, 512 F. Supp. 2d 217, 237-38 (E.D. Pa. 2007) (declining to require proof of likely instead of actual dilution to establish a claim under the Pennsylvania law after the FTDA amended the TRDA to require only likely dilution), *aff'd in part, rev'd in part on other grounds and remanded*, 511 F.3d 350 (3d Cir. 2007). Because CPC's claim would be analyzed the same under either the FTDA or the TDRA, this Court need not weigh in on this debate.

(Compl. ¶ 8-11.) The Complaint states that the mark is famous in the City of Philadelphia and throughout Pennsylvania, and that it has acquired this fame in large part due to CPC's extensive advertising efforts. (*Id.* ¶ 77-78.) CPC further notes that CHICKIE'S & PETE's was named the "Best Sports Bar in North America" by ESPN Mobile in 2011, and that all of the CHICKIE'S & PETE'S locations that offer CRAB FRIES® prominently feature the trademark on signage and menus. (*Id.* ¶¶ 17, 20.) Considering these relevant factors, CPC has demonstrated the fame of the trademark in Pennsylvania. Second, the Complaint states that the trademark has been used in Philadelphia and in the surrounding geographical areas continuously since 1978. (*Id.* ¶ 7.) Third, the Complaint states that Dominic's use of the mark began after the mark became famous. (*Id.* ¶ 78.) Fourth and finally, CPC alleges that Dominic wrongfully and intentionally implied an affiliation between Dominic and CPC and lessened the capacity of the mark to identify and distinguish CHICKIE'S & PETE'S seasoned fries. (*Id.* ¶ 79-81.) This fact, accepted as true by the Court, establishes both likely and actual trademark dilution. *See Colur World, LLC v. SmartHealth, Inc.*, CIV.09-00505, 2010 WL 299512, at \*7 (E.D. Pa. Jan. 25, 2010) ("Dilution means 'the lessening of the capacity of a famous mark to identify and distinguish goods or services.... [T]hat does not mean that the consequences of dilution, such as actual loss of sales or profits, must also be proved.'") (quoting *Scott Fetzer Co.*, 288 F. Supp. 2d at 702 ). Therefore, the undisputed facts demonstrate that Defendant's use of the crab image near the word "FRIES" violates Pennsylvania common law and statutory anti-dilution law.

### 3. *Common Law Unjust Enrichment*

Count V of CPC's Complaint charges Dominic with unjust enrichment. "A cause of action for unjust enrichment is a claim by which the plaintiff seeks restitution for benefits

conferred on and retained a defendant who offered no compensation in circumstances where compensation was reasonably expected." *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 723 (Pa. 2012). To demonstrate unjust enrichment under Pennsylvania law, the plaintiff must prove that the following elements exist: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162, 180 (3d Cir. 2008). An unjust enrichment claim demands an individualized inquiry, as "[w]hether the doctrine applies depends on the unique factual circumstances of each case." *Stoeckinger v. Presidential Fin. Corp. of Del. Valley,* 948 A.2d 828, 833 (Pa. Super. Ct. 2008). Bearing in mind that, when considering a motion for judgment on the pleadings, a court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party," *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005), this Court concludes that CPC fails to state a claim of unjust enrichment.

To support an unjust enrichment claim, a plaintiff must first establish that the plaintiff conferred a benefit on the defendant. CPC states in the Complaint that, "[b]y trading upon the goodwill of Plaintiff's CRAB FRIES® Trademark, Defendant has obtained for its goods a salability which they would not have otherwise had." (Compl. ¶ 48.) The Complaint further alleges that Dominic willfully and deliberately infringed upon CPC's trademark in order to gain an advantage in the marketplace. (Compl. ¶ 46.) Accepted as true, these facts are sufficient to support the first element of an unjust enrichment claim. *See Zvonik v. Zvonik*, 435 A.2d 1236, 1241 (Pa. Super. Ct. 1981) (noting that "any form of advantage" constitutes a benefit). However,

there is no indication that Dominic appreciated the benefit, the second element of an unjust enrichment claim. CPC does not allege that Dominic was aware of or knowingly retained any increased profits or other benefits. Although a claim for unjust enrichment may lie where a defendant "passively retained" a benefit that he did not affirmatively or wrongfully secure, it is not clear that a party who has no knowledge at all that a benefit has been conferred on him can be said to have appreciated that benefit. *See Mitchell v. Moore*, 729 A.2d 1200, 1205 (Pa. Super. Ct. 1999) (citation omitted).

Finally, even if the first two elements of the unjust enrichment claim were met, this Court cannot find that the third element is satisfied because it cannot conclude that it would be "an unconscionable injustice" to permit Dominic to retain without compensation whatever benefit it obtained from CPC. *Global Ground Support, LLC v. Glazer Enters.*, 581 F. Supp. 2d 669, 676 (E.D. Pa. 2008) (citing *Torchia v. Torchia,* 499 A.2d 581, 582 (1985)); *see also Limbach Co. v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006) ("The polestar of the unjust enrichment inquiry is whether the defendant has been *unjustly* enriched . . . ."). This Court recognizes that the "defendant may have benefited as a result of the actions of the plaintiff." *Stoeckinger*, 948 A.2d at 833 (quoting *Styer v. Hugo*, 422 Pa. Super. 262 (1993)) (noting that the doctrine of unjust enrichment does not automatically apply in such cases). However, this is not a circumstance in which the defendant's retention of a benefit conferred by the plaintiff without compensation disturbs the plaintiff's expectation of payment, resulting in an injustice that should be remedied by this Court. *See White*, 53 A.3d at 723. Furthermore, the remedy for unjust enrichment, that the defendant pay the plaintiff the value of the benefit conferred, would be superfluous here because CPC has stated claims of trademark infringement, trademark dilution,

12

and unfair competition. *Mitchell*, 729 A.2d at 1203; *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012) ("Where the existence of a contract is uncertain, pleading in the alternative is permitted, even though a plaintiff cannot recover under both theories."). Therefore, because CPC has not alleged that it would be unjust to allow Dominic to retain the benefit received, CPC has not stated a claim of unjust enrichment.

## IV.    CONCLUSION

CPC has established (1) trademark infringement under § 32 of the Lanham Act; (2) unfair competition and false designation of origin under § 32 of the Lanham Act; (3) common law trademark infringement; (4) common law unfair competition and false designation of origin; and (5) trademark dilution in violation of Pennsylvania law. Plaintiff fails to state a claim for unjust enrichment. Therefore, the Court grants in part and denies in part Plaintiff's motion for judgment on the pleadings. An Order consistent with this Memorandum will be docketed separately.